RESOURCES UNLIMITED,
INC., Plaintiff,

v.

ENVIRONMENTAL WASTE CONTROL,
INC., et al., Defendants.

No. S92–478M.

United States District Court,
N.D. Indiana,
South Bend Division.

March 2, 1993.

James M. Matthews, South Bend, IN, for plaintiff.

Steven Ancel, Timothy Black, Indianapolis, IN, for Environmental Waste Control, Inc.

Linley Pearson, Michael Shaefer, Office of Atty. Gen., Indianapolis, IN, for Indiana Dept. of Environmental Management.

Robert Oakley, U.S. Dept. of Justice, Environmental Enforcement Agency, Washington, DC, Andrew Baker, Asst. U.S. Atty., Dyer, IN, for U.S.E.P.A.

### MEMORANDUM AND ORDER

MILLER, District Judge.

Resources Unlimited, Inc. ("RUI") appeals the bankruptcy court's decision that certain environmental claims against the debtor's estate have priority over RUI's competing perfected security interest in the debtor's assets, and that use of the debtor's tax refunds to clean up the environmental hazards would not result in a taking of RUI's property without just compensation. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a). The court presumes familiarity with the history of this litigation, including earlier district court proceedings under the Resource Conservation Recovery Act. *United States Environmental Protection Agency v. Environmental Waste Control, Inc.*, 710 F.Supp. 1172 (N.D.Ind.1989), *aff'd*, 917 F.2d 327 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1621, 113 L.Ed.2d 719 (1991).

The bankruptcy court's decision must be reversed. The bankruptcy court acted on an apparent misunderstanding of this court's March 29, 1991 order concerning the debtor's obligation to implement certain corrective environmental measures. *In re Environmental Waste Control, Inc.* 125 B.R. 546 (N.D.Ind.1991). The bankruptcy court apparently read the March 29 ruling as assigning priorities among claimants. While the earlier order could have been more clear on this point, this court did not assign priorities. Instead, the court held that under 11 U.S.C. § 363(c), the debtor could expend funds otherwise available to a creditor with priority, as long as there was compliance with 11 U.S.C. § 363(e), which allows conditioning of the use of the collateral upon the provision of adequate protection of the secured creditor's interest.

Because the imposition of conditions on the use of the collateral exceeded the scope of the withdrawal order, this court did not address that issue. The bankruptcy court had no such luxury, but the bankruptcy court's June 12, 1992 order provided no security for RUI's perfected security interest, as required by 11 U.S.C. § 363.

Perhaps RUI's interest may be inferior to the environmental claims, but if so, it must be due to something other than this court's earlier order; as stated before, that order assigned no priorities. Perhaps, as the appellee's brief suggests, RUI's potential credit as a potentially responsible party under environmental laws provides adequate security for RUI's interest, but the bankruptcy court did not so hold, and the record contains nothing from which this court could draw such an inference even if the drawing of inferences were a proper appellate function. The court does not intend these comments to constitute decisions, or even suggestions to the bankruptcy court, on these issues; these comments simply are intended to demonstrate the need for further consideration by the bankruptcy court.

Accordingly, the bankruptcy court's June 12, 1992 order is REVERSED and the cause is REMANDED to the bankruptcy court.

SO ORDERED.